Good morning. Good morning. May it please the court. The appeal here is by a petitioner who was denied a motion to reopen based on a particular social group which the BIA found there was no law, but in this case he asserts that it is comprised of persons with serious mental disabilities who come into contact with Mexican law enforcement and are required to receive treatment in Mexican mental health facilities operated by the Mexican government. In this case, my client submitted ample evidence that he does suffer from severe mental illness, bipolar, schizophrenia, and that he will not have the adequate treatment. So what would you have us do in this case? What relief do you seek? Do you want us to send it back to the BIA to address your client's evidence? Yes, Your Honor. In the presence of PSG, which wasn't addressed even in the government's brief. Can I ask you, does your client's criminal history have any relevance to the issues in front of us today? It may have some relevance to whether or not relief is eventually granted by the BIA, but is it relevant at all to the issues before us today? Not for the relief he's seeking, which is asylum, withholding, and CAT. Well, he may be not ineligible, but I assume the BIA could, in the exercise of its discretion, not grant asylum or withholding, perhaps not CAT relief. But I'm just trying to figure out whether it's relevant to any issue in front of us today. I don't think it is, but I want to ask the government the same question. No, Your Honor. It would just be based on a particular social group, which would be a question of law on this case. Now, if you were to prevail in this matter and we send it back to the BIA for reanalysis, is there additional evidence that you intend on submitting, or are you planning to rest on the record that you have? Yes, I intend to submit more evidence because his condition has changed for the worse, especially for mental health, and we'll submit more evidence as to what happened to him in Mexico. It's that second part that I think is a little bit weaker. I think there's ample evidence in the record that he does suffer from certain mental conditions. The question is really the generality of the evidence and the BIA's criticism that the evidentiary record isn't specific enough to basically create a record of credible fear of persecution. So you have a letter indicating that his hometown doesn't provide sufficient mental health treatment, right? So how does that impact his fear of persecution? That would be first evidence from people that he has firsthand knowledge of what would happen to him if he were to return to his hometown. Well, I'm concerned about the same issue Judge Wynn's asking about. Let's assume you've established that people with mental health problems face persecution if returned to Mexico because of the way institutions work. But I thought the evidence was that there wasn't such an institution in your client's hometown. Am I right? That's correct, Your Honor. So why does he have a particularized fear that he will be subject to this kind of persecution? Because of the generalized conditions which we submitted with the motions reopened. The conditions are such that even like forced lobotomies. No, I take that all to be true for purposes of this, and that there's terrible persecution going on of people with mental disease in Mexico. My question is how does your client, what's your client showing of his particularized fear? I know he suffers from mental disease, but the evidence in this record seems to be that the place where he lives, the area where he lives, doesn't have one of these bad institutions. So why does he fear that he'll be put into one? Well, even if it's not on the record, but. Well, and I'm not sure the BIA analyzes it either, but I just want to know what, is there anything, there's nothing in the record that's probably a good enough answer for the moment. Right, it's not on the record, and I don't want to speculate on that. And I guess I'm struggling with the same area because it may be, we haven't discussed the case yet, but it may be that we remand the case for the BIA to take another look at it. But, of course, looking at this record, it immediately raises to mind the question of, okay, so he's going back to Mexico. His hometown doesn't provide mental health treatment. Is there no outpatient treatment available? Like the connection between my hometown has no mental health treatment, and by the way, I'm going to encounter officials who are then going to put me in these mental health facilities where the abuses would then occur. There's a disconnect there, and that's why I asked about whether there's additional evidence that you're going to put in the record if you were to prevail and we send it back down. Yes, there's nothing in the record, and we would supplement the record, Your Honor. But would you supplement the record in such a way that would indicate that while he would not find himself in a mental health institution in his hometown, he would find himself in such an institution someplace? Correct, because it would be most likely run by the Mexican government because the Mexican government has its medical scheme. Though they have private clinics, most likely he'd be in their national health system. Do you want to save the rest of your time? Yes, Your Honor. Thank you. Good morning, Your Honors. Counsel, may it please the Court, Rob Stolzer on behalf of the AG. Your Honors, the case today is about whether the Board arbitrarily or irrationally or contrarily to law denied this motion to reopen, and the answer is simply no, it did not. Well, I have some difficulty with that. The Board says you lose because the case you rely on is no longer good law. That's their analysis of his initial analysis of his claim. That makes no sense to me. The case has nothing. All that happened in that case was the Supreme Court told the Ninth Circuit, don't decide this issue in the first instance, have the BIA decide it. Yes, sir. And so isn't that part of the BIA decision contrary to law? To the extent the Board is saying it's not binding precedent, that is. Well, no, they say you lose because the case has been vacated. Well, the sentence is not done. They cited the case. The BIA says, well, tough luck, you lose. The Supreme Court vacated it. Didn't overrule it, just vacated it. That strikes me as an improper legal analysis, isn't it? I don't believe so. That went to the particular social group itself. But they said you can't have a particular social group because the case you relied on has been vacated. They didn't say, here's why people with mental disabilities are not a social group. And then the sentence continues, because it's in the conjunctive, and says, and your evidence is not sufficient to make that case on its own. But why is it not sufficient? Because it was too scant. We have here his affidavit, which there's no doubt he has a subjective fear, but part of the asylum claim has to be that objective reasonableness. And that's what's missing. Why aren't people with mental disease, if they are, in fact, being persecuted, and there's evidence in the country report that they are, why aren't they a particular social group? Well, I don't know that the Board said here in its decision why they're not. I mean, that would be kind of— Well, the Board just said your evidence is insufficient. But his evidence was, I have mental health. Other people like me are being persecuted because of their mental health. It may not—and the Board says your evidence is insufficient. So in what way was it insufficient? It was insufficient because it failed to draw a line between his subjective fear as a member of this group, as a person with a mental illness, and the harm he feared. He has to draw the line between himself as a member of the group and the harm. That's on the second prong. I'm looking at the first prong now. Why wasn't his evidence sufficient to establish a particular social group? All the Board said was it's insufficient because this case has been vacated. So we can turn to reasonable fear of persecution in a second, but why wasn't it enough to establish a particular social group? Well, insofar as the evidence addresses persons with mental illness, we've only got the line in the State Department report saying that Mexican authorities will harm those people. I think you're addressing the second question and not the first. Thank you. Translate for me because I'm not getting through. There's two separate issues here on which the BIA's analysis seems wholly inadequate. Actually, they didn't analyze it at all. On the social group, whether it's cognizable or not, there's no analysis there. There's no analysis that's consistent with Enrique Rivas or Arteaga. There's no grappling with social visibility, particularity. So that's a separate question than whether he established sufficient fear of persecution to establish a prima facie case. I think that the BIA's analysis seemed deficient on both grounds. So going back to the social group, I read the BIA's analysis in the same way Judge Hurwitz did, which is, you know, I'll read it. The legal authority cited for the proposed social group, and it cites that Chukrova case, is not good law. So it's not cognizable because it's not in accordance with valid authority, the end. That's the sum total of the BIA's analysis with regard to social group. So why doesn't that warrant a remand for the BIA to take a look at the analysis that we've laid out in the case law on how to define an appropriate social group? Because the decision can stand on the alternate basis for denial, which is the rest of the case. Okay, and that's fair, but just so that we're clear, that's not really an analysis of whether he belongs to a social group. It's a misreading of prior decisions, right? I hear what you're saying, but I also mentioned that this case, this board decision came up before Enrique Rivas. Sure, sure, and that's why I asked whether it's a remand. It's not for us to determine in the first instance. We recognize that, and we haven't talked about the case, but if there were to be a remand, it would be, of course, for the BIA to take a look at it. So now let's get to the second ground because you're correct. If there's an alternative basis, then maybe the claim fails there. Why is it that this evidentiary record isn't sufficient to establish a prima facie case? Because it doesn't draw the line between his subjective fear of harm and the objective reasonableness of that harm. We've got his affidavit that says he'll return to a place where he'll be cared for by relatives. It says he fears Mexican authorities, but it doesn't explain how or why he would come into contact with them. Again, that's a subjective fear of his that we have no reason to doubt because we take his motion for what it means. But objectively, he still needs to provide the evidence, and all we have here on that issue is the State Department report which mentions the treatment of the mentally ill. We've got that large list of headlines relating to violence in Mexico, but that's violence in general. That's not violence specifically directed to mentally ill people. Certainly if a person came to the board with a motion to reopen with just a list of headlines saying, look at all this violence in Mexico, we'd say, well, no, you have to show the connection. No, but put that evidence aside about violence in Mexico. He's got specific evidence in the State Department report of those who are institutionalized being subjected to bad treatment. Fair? Yes. So my question is how much evidence on a motion to reopen, remember, we're not dealing with the eventual disposition of the case, how much evidence does he have to produce about his subjective fear? He says I'm going to be sent back to a country where they institutionalize people like me and then they torture them or then they treat them badly. So does he have to show that he's likely to be institutionalized or just that he's a member of a class for whom people are institutionalized? He has to show the reasonable likelihood that he would face persecution in Mexico on whichever basis, if it's a social group claim, then it's a social group claim, but it has to be a reasonable likelihood to him. And we know from case law that that reasonable likelihood, whatever amount of evidence that has to be, it has to be enough that it would likely change the outcome of the case. So that's what we're kind of looking at when we gauge the evidence. Is it enough to change the outcome? It's a different measure than the measure we would have reviewing a decision that said there wasn't substantial evidence. So this is a bad analogy, perhaps, but if I'm a person of color and I'm being sent to a country where they persecute people of color, do I have to show that the entire country persecutes them as opposed to the state I'm being sent to? No, I don't think so. I think you can show regionally if you're going to be persecuted regionally. If for some reason that's your region and you're going to be persecuted there, I think that would suffice. But, again, it relies on the evidence that your hypothetical person is providing. We have to show that link between the harm that he subjectively fears and the likelihood, some likelihood, that he would be persecuted. And I must say you're doing better than the BIA did here. So my question is, was the analysis in the BIA decision sufficient on this issue? It was. Because we understand why they ruled the way they ruled, it is enough to say it's not arbitrary. Let me ask you this. The BIA says, with regard to that point, that this is really due to inferior resources of treatment for mental health. If we find that that inference, that the mistreatment in mental institutions in Mexico is not really due to inferior resources, or the inference that's due to inferior resources is not supported by this record, is that enough to remand for reanalysis of that issue? That's an interesting question, Your Honor. I think not, only because that's part of an including clause. The Board is saying including these features, if you found one of those features to be insufficient, well, we have the other features to look at. And, of course, the evidence as a whole, which is what the Board was called to look at, the evidence as a whole, his affidavit, the doctor's letter. Well, then now we're getting down to dissecting that clause because the BIA says, while including reports on conditions of general violence in Mexico, and as Judge Hurwitz says, let's knock that out, right, that generalized violence in Mexico isn't enough, then what's left with is one other basis for the analysis, which is inferior resources, which I don't know where the BIA got that inference in the record. So it may be that the BIA could support it on some other ground, but why isn't that misanalysis enough to send it back? Again, because we have sufficient reason to understand why the Board ruled the way it did. Because they're saying, look, you have to bring me more evidence than this. That's sufficient for us to know why. But the evidence that they said he brought them was inferior resources. And as I read the record, at least some of the evidence he brought to them was of, let's use persecution as the word, because it's the lowest level of mentally ill patients. So didn't they just analyze this incorrectly? It may well be that he hasn't shown a particularized fear of persecution, but they say it's because the only evidence you have is of general violence and inferior resources. And he has quite different evidence. They did say that, Your Honor, and I should note that Petitioner in his brief here has waived that as a ground. He says he's not complaining of a lack of mental health resources in Mexico. He says he's not complaining about a lack of access to medications in Mexico. These are concessions. Of course he's waived that ground, because the lack of... It's not the argument he's making. The argument he's making is not inferior resources or lack of medical care. The argument he's making is that I'll be institutionalized and persecuted. So I understand why he's waiving that argument. I'm not even sure he made it below. Well, my time has expired, but to answer your question, he did say in his affidavit that his hometown doesn't have these resources, which is why the board obviously would look to that issue. Are there no other questions? Any additional questions? All right, thank you. You have a little time. I'm going to place the court. And in summation, Your Honors, based on Enrique Rivas' case, we would ask the court to remand it for review of the social visibility and also the inferences made by the BIA in its analysis of the PSG and the evidence as to the sufficiency of the resources in Mexico as to mental health. All right, thank you very much for your argument, both sides. The matter is submitted for decision.
judges: Nguyen, Hurwitz, Eaton